## VERGES ET AL. *v.* SUCCESSION OF PIETRI.

### APPEAL in cassation from a judgment rendered by the former "Audiencia Territorial".

No. 5.—Decided October 25, 1902.

APPEAL IN CASSATION.—An appeal in cassation for error of procedure lies, for failure to admit evidence in any instance.

EVIDENCE IN THE SECOND INSTANCE.—The introduction of evidence in the second instance cannot be allowed in cases where the evidence proposed has not been introduced in the first instance by reason of negligence or failure imputable to the party proposing the same.

STATEMENT OF THE CASE.

The solicitor, Don Tomás Agrait y Font, attorney in fact of Doña María Verges Remond and of Doña Francisca Evalina Remond y Vasalle in her own right and as *ab intestate* heir of her deceased son, Don Juan Arturo Verges Remond, making use of the right appurtaining to his principals, filed suit in the former Court of First Instance of San German for the recovery of real estate and to obtain the annulment of conveyances made thereof and of the subsequent inscription of the deeds in the Registry of Property.

The case having been admitted for the introduction of evidence within the two ordinary periods, of which the thirty day period commenced to run on the 11th of August, 1894, and ended on the 18th of September of the same year, the plaintiffs proposed such evidence as they deemed proper; and they offered as a part of such evidence, testimony of expert witnesses, each party designating one expert and the Court designating a third, and on the return of service upon the experts for their acceptance of the appointments, and after the appointment of another expert on account of the refusal of one who resided in the City of

miento de otro, por no haber aceptado uno que residía en la ciudad de Ponce, y de las encaminadas á la aceptación del sustituto, llegó el día 11 de Septiembre de 1894, se señaló el 15 para que diesen principio á las operaciones que les estaban encomendadas y se dispuso que comparecieran el 18 del mes y año citados para declarar sobre el resultado de sus trabajos y que se citase á las partes para el diligenciamiento de ese particular de prueba.

*Resultando* : que el día señalado ó sea el 18 de Septiembre, comparecen los peritos y declaran sobre parte de sus operaraciones, añadiendo que como no pudieron disponer del tiempo necesario, resolvieron suspender los trabajos sin que les fuera posible dictaminar sobre ninguno de los extremos, objeto de la prueba, limitándose á dar su opinión de que los terrenos de la concesión Pinatel deben ser los comprendidos por un rectángulo que parte veinte cuerdas al Este tomadas desde la desembocadura de la quebrada de los Almendrones, en el río chiquito, desde aquí cuarenta cuerdas al Sur, desde ese término veinte cuerdas al Oeste y de este punto cuarenta cuerdas al Norte, al punto de partida, quedando así cerrado el rectángulo.

*Resultando* : que seguido el pleito por todos sus trámites, en el Juzgado de 1ª Instancia, se dictó sentencia absolutoria de la demanda en 11 de Diciembre de 1895, con las costas á cargo de la parte actora, y sin lugar la reconvención propuesta por la parte de Don Domingo Pietri.

*Resultando* : que remitidos los autos á la Audiencia del Territorio, por apelación admitida libremente á la parte actora, al evacuar ésta el traslado que le fué conferido, una vez formado el apuntamiento, por un otro sí del mismo escrito, pidió se recibiera el pleito á prueba, haciendo al efecto mérito de la pericial propuesta ante el Juzgado, añadiendo que si no se practicó en la forma en que se solicitó y se declaró pertinente, fué por causas no imputables á su voluntad é invocó el artículo 861 de la Ley de Enjuiciamiento Civil.

Ponce to accept, and on the return of service and the acceptance of the substitute, on the 11th of September, 1894, the 15th day of the same month was fixed for the experts to begin the work with which they were charged, and they were ordered to appear on the 18th of the month and year aforesaid to testify as to the result of their labors, and it was ordered that the parties be summoned for a hearing of that portion of the evidence.

On the day set, that is to say, on the 18th of September, the experts appeared and testified only as to a part of their labors, adding that as they had not had sufficient time, they had decided to discontinue the work, it not being possible for them to give an opinion in regard to any of the points to be submitted in evidence, but only giving it as their opinion that the lands of the Pinotel concession must be included within a rectangle starting twenty *cuerdas* to the east, beginning at the mouth of the Almendrones Brook where it runs into the Rio Chiquito; from this point forty *cuerdas* to the south; from there twenty-nine *cuerdas* to the west; and from this point forty *cuerdas* towards the north, back to the starting point, thus closing the rectangle.

On the termination of the proceedings in the Court of First Instance, judgment was rendered on the 11th of December, 1895, dismissing the complaint, and taxing the costs against the plaintiff; also dismissing the counter claim filed by Domingo Pietri.

The record having been sent up to the "Audiencia Territorial" on appeal taken by the plaintiff, the statement of the case having been prepared and forwarded to the appellant, by an additional paragraph to the same writing, appellant asked that evidence be taken in the case, mentioning the proposed expert testimony before the lower court, and adding that if the said expert testimony was not taken in the manner requested and declared pertinent, it was not through any cause imputable to plaintiff, and invoked Article 861 of the Law of Civil Procedure in support of his contention.

*Resultando* : que impugnado por los demandados y apelados el recibimiento á prueba, lo desestimó la Audiencia en auto de Agosto de 1896, por considerar no podía menos de ser imputable á la parte solicitante el hecho de que esa prueba no se hubiese practicado como se propuso, porque se consintieron todas las providencias que se dictaron para su ejecución y se perdió el tiempo por esta misma parte, sobre todo, en la entrega en Ponce de uno de los exhortos para su diligenciamiento, de cuyo auto se suplicó, siendo desestimada la súplica en nuevo auto de 16 de Noviembre de 1896.

*Resultando* : que señalado día para la vista tuvo ésta lugar en los días 27, 29, 30 de Noviembre, 1, 2, 3, 4, 6 y 7 de Diciembre de 1897, con asistencia de los abogados y de los Procuradores que entonces representaban á las partes, dictándose sentencia confirmatoria, con las costas de la apelada.

· *Resultando* : que Doña Francisca Evelina Remond y Doña María Verges, han interpuesto, con protesta para el de infracción de ley, recurso de casación por quebrantamiento de forma, fundándolo en el caso 3º del artículo 1691 de la Ley de Enjuiciamiento Civil, por la falta de recibimiento á prueba de los autos en segunda instancia.

Abogado del recurrente : *Sr. Cuevillas Hernández.*

Abogado del recurrido : *Sr. Rossy (Manuel F.)*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* : que el número 3 del artículo 1691 de la Ley de Enjuiciamiento Civil dispone que por la falta de recibimiento á prueba en alguna de las instancias, cuando procediere con arreglo á derecho, habrá lugar al recurso de casación por quebrantamiento de forma.

*Considerando* : que, según lo ordenado en el número 2 del artículo 861 era improcedente la práctica de la prueba pericial, solicitada en segunda instancia, toda vez que propuesta y admitida en la primera, dicha prueba, se perdió por la

The introduction of evidence being opposed by the defendants and respondents, the Court entered an order in the month of August, 1896, refusing to allow such introduction of evidence, holding that the fact that said evidence was not introduced as proposed, was due to the negligence of appellant, since all of the orders made with that end in view were consented to, and the time was lost by appellant himself, and especially in the delivery in Ponce of one of the requisitory letters for compliance therewith; appellant made a motion for a reconsideration of the aforesaid order, and the Court overruled said motion on the 16th of November, 1896.

A day having been set for the hearing, the same took place on the 27th, 29th and 30th of November and the 1st, 2nd, 3rd, 4th, 6th and 7th of December 1897. The counsel and solicitors representing the parties being present at the hearing a judgment was rendered affirming the decision of the court below, with costs.

Doña Francisca Evalina Remond and Doña María Verges took an appeal in cassation for error of procedure, and announced their intention to take an appeal for error of law, basing the said appeal on paragraph 3 of Article 1691 of the Law of Civil Procedure for failure to admit the record in evidence in the second instance.

Mr. Cuevillas Hernández, for appellant.

Mr. Manuel F. Rossy, for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the Court: Paragraph 3 of Article 1691 of the Law of Civil Procedure provides that for failure to take evidence in any instance when it should be taken according to law, an appeal in cassation for error of procedure will lie.

According to the provisions of Paragraph 2 of Article 861 the introduction of expert testimony in the second instance as requested, could not be allowed inasmuch as said evidence having been offered and admitted in the first instance, the time was lost by appellant without exercising the

parte recurrente el tiempo sin hacer nada en pró de la actividad que le correspondía en un particular, según ella, de tanta importancia, puesto que consta al fólio 985, vuelto, de la quinta pieza de autos, que el exhorto para la aceptación del perito Valls, residente en Ponce, se entregó al Procurador de la parte recurrente Don Tomás Agrait y Font, en 18 de Agosto de 1894 y aparece recibido en el Juzgado de Ponce el 3 de Septiembre del mismo año, fólio 1031 vuelto, de la sexta pieza, de donde resulta que dicho Procurador perdió quince ó diez y seis dias en remitir el exhorto, porque á él consta, de modo indudable, que se le entregó, siendo ese tiempo perdido necesario después para la práctica de su propia prueba, por cuya razón es imputable al mismo recurrente la falta contra la que hoy reclama.

*Fallamos*: que debemos declarar y declaramos no haber lugar al recurso de casación por quebrantamiento de forma, interpuesto por la Sucesión Verges, á quien condenamos al pago de las costas; comuníquese á su tiempo; y procédase á la sustanciación del recurso por infracción de ley iniciado.

Jueces concurrentes: Sres. Hernández, Sulzbacher y Mac-Leary.

diligence which should have been exercised in a matter of so much importance, as it appears on the reverse of page 985 of the 5th section of the record that the requisitory letter for the acceptance of the expert Valls residing in Ponce, was delivered to the solicitor for appellant, Don Tomás Agrait y Font, on the 18th of August, 1894, and it appears to have been received in the Ponce Court on the 3rd of September of the same year, reverse of page 1931 of the sixth section, from which it is seen that the said solicitor lost sixteen days before he forwarded said requisitory letter; because there appears to be no doubt that it was delivered to him, and this time was afterwards necessary for the introduction of appellant's own evidence; for which reason the failure complained of by appellant is the result of his own negligence.

We adjudge that we should declare, and do declare, that the appeal in cassation for error of procedure, taken by the estate of Verges, does not lie and tax the appellant with the costs. This judgment will be communicated to the Court below in due time, and the appeal for error of law will be proceeded with.

Associate Justices Hernández, Sulzbacher and MacLeary concurring.